IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK A. WALLS,

    Petitioner,

v.                                           Case No.: 3:06cv237/MCR

WALTER A. McNEIL, Secretary,
Florida Department of Corrections,
et. al,

    Respondents.
_____/

## ORDER ON APPLICATION FOR CERTIFICATE OF APPEALABILITY

This cause is before the court on Petitioner's application for a certificate of appealability (doc. 38). Unless a certificate of appealability is issued, a petitioner may not take an appeal from the final order denying § 2254 relief. *See* 28 U.S.C.§ 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

After review of the file and consideration of Respondents' response to Petitioner's application for a certificate of appealability (doc. 40), the court concludes that the following two issues are debatable among jurists of reason, and this court finds that the issues are adequate to deserve encouragement to proceed further: (1) whether trial counsel was ineffective in failing to file a motion in limine to seek redaction of the portions of Petitioner's confession referencing a possible sexual battery on victim Ann Peterson, and (2) whether the State's use of a

peremptory challenge to exclude prospective juror Garvin constitutes a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)*.* The court finds the appeal of these issues is taken in good faith and leave to appeal should be granted.

However, as to the other issues raised in Petitioner's application for a certificate of appealability (doc. 38), Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the certificate shall not issue as to these issues.

Accordingly, it is **ORDERED**:

Petitioner's application for a certificate of appealability (doc. 38), is **GRANTED IN PART**: Petitioner may appeal and a certificate of appealability is issued for appeal on the issues of whether trial counsel was ineffective in failing to file a motion in limine to seek redaction of the portions of Petitioner's confession referencing a possible sexual battery on victim Ann Peterson, and whether the State's use of a peremptory challenge to exclude prospective juror Garvin constitutes a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

**DONE AND ORDERED** this 16th day of November, 2009.

    *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**